UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| West Lake Auto Inc. and Hasan Mustafa Nouh, | Civ. File No. 05-386 (PAM/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| United States Citizenship and Immigration Services; Gregory Christian, in his capacity as the Acting Director of the Nebraska Service Center; and Tom Ridge, in his official capacity as Secretary of the Department of Homeland Security; | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment and Defendants' Motion to Dismiss or Alternatively for Summary Judgment. For the reasons that follow, Plaintiffs' Motion is denied and Defendants' Motion is granted.

**BACKGROUND**

Plaintiff Hasan Mustafa Nouh is a native and citizen of Libya. He was admitted to the United States as a visitor on July 18, 1997, and was authorized to remain in the United States until January 17, 1998. When the visitor visa expired, Nouh illegally remained in the United States. In 2001, he attempted to become a lawful permanent resident based on his prospective employment at Plaintiff West Lake Auto, Inc.

**A.    Petitioning to Become a Lawful Permanent Resident**

To secure lawful permanent resident status through a visa petition based on employment, an alien generally must follow a multi-step process. First, the alien must have

a prospective employer in the United States and that employer must petition the Department of Labor for a labor certification on behalf of the alien.  In doing so, the employer must complete a Form ETA-750 by describing the job requirement and offered wage, and detailing its attempts to hire qualified American workers for the position.  When issued, a labor certification evidences the Department of Labor's acknowledgment that there are insufficient qualified United States workers available to perform the work at the prevailing wage paid for the employment position, and that employment of the alien will not adversely affect the wages, opportunities, and working conditions of similarly employed United States workers.  See 8 U.S.C. § 1182(a)(5)(A)(I).

After obtaining a labor certification, the employer must file an Immigration Petition for Alien Worker, Form I-140 ("Immigration Petition"), with Defendant United States Citizenship and Immigration Services ("CIS").  An employer filing on behalf of a skilled worker must file the Immigration Petition with the labor certification and evidence that the alien meets the educational, training, or experience of the labor certification.[1]  See 8 U.S.C. § 1153(b)(3)(i); 8 C.F.R. § 204.5(1)(3)(ii)(B).  In addition, the employer must submit evidence that it has the ability to pay the proffered wage at the time the Immigration Petition is filed and after the alien obtains lawful permanent residence.  8 C.F.R. § 204.5(g)(2).

---

[1] The minimum requirement for a skilled worker classification is two years of training or experience.  8 C.F.R. § 204.5(1)(3)(ii)(B).

Finally, the alien must apply for an employment-based adjustment of status.[2] Approval of an employment-based application for adjustment of status grants the alien lawful permanent resident status as of the date of the approval. 8 U.S.C. § 1255(b).

**B.     Attempt to Make Nouh a Lawful Permanent Resident**

West Lake Auto applied for a labor certification for Nouh on April 16, 2001. The Department of Labor issued a labor certificate on September 13, 2001. West Lake Auto then filed an Immigration Petition on behalf of Nouh on October 22, 2001. CIS approved the Immigration Petition on December 14, 2001. On January 16, 2002, Nouh used the approved Immigration Petition to file an Application to Adjust Status so that he could become a lawful permanent resident of the United States.

However, on August 26, 2003, CIS informed West Lake Auto that it intended to revoke the previously approved Immigration Petition for two reasons. First, CIS questioned the existence of the Higher Industrial Technology Institute ("Institute"), the school in Libya where Nouh allegedly obtained his education. Second, CIS determined that West Lake Auto could not meet the prevailing wage for the position Nouh was to fill. CIS requested that West Lake

---

[2] Generally, an alien who is not maintaining lawful non-immigrant status is ineligible for employment-based adjustment of status. 8 U.S.C. § 1255(c). However, a special law was in place during the relevant time period that permitted such aliens to adjust upon paying a $1,000 penalty. 8 U.S.C. § 1255(I). An application for labor certification filed with the Department of Labor before April 30, 2001, brought the alien within the special provision of § 1255(I). West Lake Auto filed the labor certification for Nouh on April 16, 2001, and the $1,000 penalty was paid.

Auto provide official verification from the Libyan government that Nouh attended the Institute and documentation that it could sustain paying the prevailing wage.

West Lake Auto responded on October 8, 2003, by providing some documentation relating to the existence of the Institute, as well as evidence of its ability to pay Nouh the prevailing wage. It also asked for additional time to provide the official educational documents from the government of Libya.

Apparently denying the request for additional time, CIS revoked the approval of the Immigration Petition on October 28, 2003. It determined that West Lake Auto failed to demonstrate that the Institute was a legitimate, operational, educational institution in Libya, and that West Lake Auto had the ability to pay the prevailing wage.

In the October 28, 2003, decision, the Director of the Nebraska Service Center stated that West Lake Auto had thirty-three days to appeal the revocation to the Administrative Appeals Office ("AAO"). However, that statement was incorrect, as the controlling regulation, 8 C.F.R. § 205.2(d), provides that an affected party must file an appeal within fifteen days of service of the unfavorable decision. West Lake Auto filed an appeal on November 26, 2003. It also submitted an appellate brief on December 4, 2003, and requested that CIS reopen the revocation proceedings based on receipt of new evidence from the Libyan government, which indicated that Institute was legitimate and that Nouh had attended the Institute.

On January 19, 2005, the AAO rejected West Lake Auto's appeal as untimely. Although it recognized that the Director of the Nebraska Service Center incorrectly stated the deadline

4

to file an appeal, the AAO found that the error did not relieve West Lake Auto's obligation to comply with 8 C.F.R. § 205.2(d).[3]

Plaintiffs commenced this action on February 18, 2005. On September 15, 2005, CIS reopened the Immigration Petition proceeding under 8 C.F.R. § 103.5(a)(5)(ii). As part of the reopened proceeding, CIS has asked the Department of State to verify the validity of the Institute. It has also requested that West Lake Auto provide updated evidence on its ability to pay, as well as any other evidence regarding the Institute.

**DISCUSSION**

In their summary judgment motion, Plaintiffs seek an order that CIS reopen the Immigration Petition proceeding for consideration of the new evidence that was submitted with their appeal. In addition, Plaintiffs ask that this action remain on the Court's docket until the Immigration Petition is fully adjudicated. Defendants argue that this action must be dismissed as moot because CIS has already reopened the Immigration Petition proceeding.

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. <u>Beck v. Mo. State High Sch. Activities Ass'n</u>, 18 F.3d 604, 605 (8th Cir. 1994) (citations omitted). Thus, the Court lacks power to decide moot cases, and generally must dismiss an action as moot if there is no definite and concrete controversy for

---

[3] After CIS revoked the Immigration Petition, West Lake Auto filed a second Immigration Petition on January 2, 2004. The second Immigration Petition was identical to the first except that it contained copies of the documents that CIS previously requested. On March 1, 2005, CIS denied the second Immigration Petition. West Lake Auto appealed that decision on March 28, 2005. No decision on the appeal has been rendered.

the Court to resolve. Id. However, the Court may decide an otherwise moot case under the "capable of repetition, yet evading review" exception. That exception applies when the duration of the challenged action is too short to be fully litigated before its end, and there is a reasonable expectation that the same complaining party will be subject to the same action again. In re Matter of Operation of the Mo. River Sys. Litig., 421 F.3d 618, 631 (8th Cir. 2005) (citation omitted).

Plaintiffs argue that Nouh may be required to leave the United States before they can fully challenge an improper adjudication of the Immigration Petition. A removal hearing is scheduled for December 16, 2005. Plaintiffs raise two concerns about the hearing. First, if CIS does not render a decision on the Immigration Petition before the removal hearing date, Nouh will have to request an additional continuance. Plaintiffs fear that the continuance request will be denied, and that the removal proceedings will go forward. Second, if CIS denies the Immigration Petition before the removal hearing date, Plaintiffs contend that they will not be able to appeal the denial by the time a removal order is executed. However, CIS has promised that it will request a stay in the removal proceeding until the challenged Immigration Petition proceeding is fully adjudicated. Moreover, because this action will be dismissed without prejudice, Plaintiffs may avail themselves of the immediate remedies provided under Federal Rule of Civil Procedure 65. Accordingly, the Court is not concerned that any challenge to the reopened Immigration Petition proceeding cannot be fully litigated.

Plaintiffs also argue that there is a reasonable expectation that Defendants will subject West Lake Auto to the same action again. To raise a reasonable expectation, a party must show

a demonstrated probability of recurrence — a speculative possibility of recurrence is insufficient. Id. at 631-32. Plaintiffs rely on the past behavior of CIS, including CIS's alleged failure to have good cause to revoke the Immigration Petition, its identification of an incorrect filing deadline for the appeal, and its refusal to accept the untimely appeal on its merits. Plaintiffs also point to the "continued arrogant attitude" CIS has displayed towards adjudicating the Immigration Petition, its failure to provide Nouh with requested documents, and its failure to conduct proper research into the existence of the Institute. Although Plaintiffs highlight how CIS may have erred in initially processing the Immigration Petition, the key fact remains that CIS has reopened the Immigration Petition proceeding, thereby strongly indicating that it now is willing to review all the evidence. This contravenes a finding that Plaintiffs may reasonably expect to be subjected to the same alleged mistreatment.

**CONCLUSION**

Because Defendant CIS has already reopened the Immigration Petition, this action is moot. Plaintiffs have failed to show that the "capable of repetition, yet evading review" exception to the mootness doctrine applies. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for Summary Judgment (Clerk Doc. No. 11) is **DENIED**;

2. Defendants' Motion to Dismiss or Alternatively for Summary Judgment (Clerk Doc. No. 16) is **GRANTED**; and

3. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 7, 2005

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge